IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DARNELL JONES, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:23-cv-462-S-BN |
| TATE REHMET LAW OFFICE, ET AL., | § § § | |
| Defendants. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION, TERMINATING MOTION AS MOOT, AND REGARDING SERVICE**

Plaintiff Michael Darnell Jones filed a *pro se* Motion to Refile in Another Court (the Motion) in an action that he filed but which the court had already dismissed, and the Motion was docketed as the complaint here. *See* Dkt. Nos. 3, 4.

The presiding United States district judge referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned has since recommended that the Court deny Jones's motion for leave to proceed *in forma pauperis* (IFP) and dismiss this case without prejudice under Federal Rules of Civil Procedure 41(b) unless Jones paid the $402 filing fee within a reasonable time [Dkt. No. 9] (the FCR).

Because Jones has now paid the filing fee, the Court WITHDRAWS the FCR, TERMINATES AS MOOT Jones's IFP motion [Dkt. No. 7], and ORDERS the following:

By paying the filing fee, Jones assumed the responsibility to properly serve

each defendant with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(e) (setting forth procedures for serving an individual within a judicial district of the United States); FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); *see also* FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).

Jones must therefore properly serve each defendant and, as to each defendant, file a proof of service with the Court in accordance with Rule 4(*l*) or obtain a waiver of service and file that with the Court.

The Court further advises Jones that, if proper service is not made – and shown to the Court through filed proofs of service or filed waivers of service – before the 90th day after the filing of this action (on March 1, 2023) that is not a Saturday, Sunday, or legal holiday – which, here, will be **May 30, 2023** – this case is subject to dismissal without prejudice unless it is shown that there is (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

SO ORDERED.

DATED: April 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE