IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DARNELL JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-462-S-BN |
| | § | |
| TATE REHMET LAW OFFICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Michael Darnell Jones filed a *pro se* Motion to Refile in Another Court (the Motion) in an action that he filed but which the court had already dismissed, and the Motion was docketed as the complaint here. *See* Dkt. Nos. 3, 4.

The presiding United States district judge referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After Jones paid the statutory filing fee, the Court entered an order providing notice that this lawsuit was subject to dismissal under Federal Rule of Civil Procedure 4(m) unless proper service was made and shown to the Court through filed proofs of service (or unless waivers of service were obtained and filed) by May 30, 2023 unless it is shown that there is (1) good cause for the failure to do so and (2) good cause for the Court to extend the time for service for an appropriate period. *See* Dkt. No. 10.

Jones has yet to make these showings but nevertheless now moves for default

judgment. *See* Dkt. No. 14.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court deny the motion for default judgment.

## Discussion

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican*

> *Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").
>
> When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

Jones's failure to obtain an entry of default is reason alone to deny the request for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

But Jones also undertook the responsibility to properly serve each defendant (or obtain waivers) in a timely manner. And proper service of process (or obtaining waiver of service) is a prerequisite to obtaining either default or default judgment since "a defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default."

*Rogers*, 167 F.3d at 937; *see id.* at 938 ("Like formal service of process, a waiver of service of process marks the point in a lawsuit after which the defendant must answer or risk default.").

Because Jones has not documented proper service or waiver on the docket, as ordered, *see* Dkt. Nos. 10-13, no defendant is susceptible to default. This is another reason to deny the motion for default judgment. *Cf. Graham v. M.C.C.F.*, No. 3:19CV116-GHD-JMV, 2021 WL 1030182, at *1 (N.D. Miss. Mar. 17, 2021) ("Though the bar for acts rising to the level of an appearance is low, neither service of process nor a waiver of service of process constitutes an 'appearance' under Rule 55(b)." Even so, under Rule 55, "it is possible for a defendant to 'appear,' but not file a responsive pleading." (citation omitted)).

## Recommendation

The Court should deny Plaintiff Michael Darnell Jones's motion for default judgment [Dkt. No. 14].

A copy of these findings, conclusions, and recommendation and order shall be served on all parties in the manner provided by law. Any party who objects to any part of the recommended denial of the motion for default judgment must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE