IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DARNELL JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-462-S-BN |
| | § | |
| TATE REHMET LAW OFFICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Darnell Jones filed a *pro se* Motion to Refile in Another Court (the Motion) in an action that he filed but which the court had already dismissed, and the Motion was docketed as the complaint here. *See* Dkt. Nos. 3, 4.

The presiding United States district judge referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After Jones paid the statutory filing fee, the Court entered an order providing notice that this lawsuit was subject to dismissal under Federal Rule of Civil Procedure 4(m) unless proper service was made and shown to the Court through filed proofs of service (or unless waivers of service were obtained and filed) by May 30, 2023 unless it is shown that there is (1) good cause for the failure to do so and (2) good cause for the Court to extend the time for service for an appropriate period. *See* Dkt. No. 10.

Prior to demonstrating proper service on the record, Jones moved for default

judgment. *See* Dkt. No. 14. Overruling Jones's objections, the Court has now denied that motion. *See* Dkt Nos. 15-17. Doing so, the Court observed that, "[b]ecause Jones has not documented proper service or waiver on the docket, as ordered, *see* Dkt. Nos. 10-13, no defendant is susceptible to default," Dkt. No. 15 at 4.

Having provided Jones sufficient notice that he has failed to properly effect service, and because it is now more than two months past the deadline to do so, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 4(m).

## Discussion

Rule 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper

service," *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19cv158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-00053-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing *Kersh*, 851 F.2d at 1512)), *rec. accepted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court not only provided Jones the required notice but also directed him to the proper provisions of Rule 4. *See* Dkt. No. 10. The Court then informed Jones on May 12, 2023, in the undersigned's recommendation that his motion for default judgment be denied, that his service efforts had so far been insufficient. *See* Dkt. No. 15. Still, Jones has failed to effect proper service in the time allowed by the relevant rules or to properly request an extension of time to do so.

Jones's affidavits indicate that he mailed the complaint to the defendants. *See* Dkt. No. 13. But "[s]ervice by mail is not expressly permitted by Federal Rule of Civil Procedure 4." *Caceres-Mejia v. Watson*, 718 F. App'x 307, 309 (5th Cir. 2018) (per curiam); *see also Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) (noting that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))).

Still, "an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caceres-Mejia*, 718 F. App'x at 309 (quoting FED. R. CIV. P. 4(e)(1)); *see also* FED. R. CIV. P. 4(h)(1)(A).

And Texas law does contemplate the use of mail – more specifically, Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing TEX. R. CIV. P. 106(a))).

And, as to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by

law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis provided by *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

Texas law also requires that particular information be included in the return of service, such as the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at *3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)).

In sum, the proof filed by Jones indicates that he failed to properly effect service under either the Federal Rules of Civil Procedure or Texas law.

The Court should therefore dismiss this lawsuit without prejudice under Rule 4(m).

It is not apparent based on the record here whether dismissal of this lawsuit without prejudice at this stage would effectively be a dismissal with prejudice – for example, because a statute of limitations would prevent Jones's refiling these claims.

But, insofar as this dismissal may somehow prejudice Jones, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE